**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JUSTIN GALLOW** | **DOCKET NO. 6:24-cv-00364** |
| **D.O.C. # 450866** | **SECTION P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **MARCUS MYERS** | **MAGISTRATE JUDGE AYO** |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Justin Gallow, an inmate in the custody of the Louisiana Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 6, 2024. (Rec. Doc. 1). Gallow attacks his 2007 conviction for manslaughter and attempted manslaughter and the subsequent 25-year sentence imposed thereon by the 13th Judicial District Court, Evangeline Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

I. Background

Gallow entered a plea of *nolo contendere* to the crimes of manslaughter and attempted manslaughter and was sentenced on December 17, 2007, by the 13th Judicial District Court, Evangeline Parish, Louisiana to a term of imprisonment of 25 years. (Rec. Doc. 1 at 1). He did not appeal his conviction. (*Id*. at 2).

On or about January 30, 2012, Gallow filed a "Motion to Correct an Illegal Sentence" in the Louisiana Third Circuit Court of Appeal under docket number KH-12-00126. (Rec.

Doc. 1-2 at 19). That court treated the motion as an application for post-conviction relief and denied same, finding it was untimely. *Id.*

The instant petition for habeas relief was filed on March 6, 2024. (Rec. Doc. 1).

II. **Law and Analysis**

  *a. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *In Re Smith,* 142 F.3d 832, 834 (citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997)). AEDPA amended 28 U.S.C. §2244(d)(1)(A) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as Gallow, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time *before* the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467 (citing *Flanagan v.*

---

[1] Nothing in the record before the court suggests that any State-created impediments prevented the filing of the petition. Further, nothing in the record suggests that Gallow is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the limitations period should not be reckoned as provided in 28 U.S.C. § 2244(d)(1)(B) or (C).

*Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Gallow did not file a direct appeal of his conviction and sentence. For AEDPA purposes, Gallow's judgment of conviction and sentence "became final" for purposes of 28 U.S.C. §2244(d)(1)(A) thirty days following December 17, 2007 (the date that Gallow was sentenced), or on January 16, 2008. Under Section 2244(d)(1), Gallow had one year from that date—or until January 16, 2009—to file his federal habeas petition.

Section 2244(d)(2) tolls the limitation provision for filing a Section 2254 petition during the pendency of certain state court proceedings: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, Gallow was unable to toll the AEDPA's limitations period. By the time he filed his application for post-conviction relief in January 2012, the limitations period had already expired and could not thereafter be revived. *See Villegas*, 184 F.3d 467. Thus, none of Gallow's post-conviction pleadings could serve to toll the running of the limitations period. This petition is clearly time-barred by the provisions of the AEDPA.

### b. *Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074 (1999); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling"). As noted by the Supreme Court,

3

"To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999). Here, Gallow has neither pled nor alleged any circumstances to qualify for equitable tolling under Section 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that Gallow was "actively misled," nor do they suggest that he was prevented in any way from asserting his rights.

### III.    Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because Petitioner Justin Gallow claims are barred by the one-year limitation period in 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. §2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers this 1st day of November, 2024.

_____
David J. Ayo
United States Magistrate Judge

5